Margaret J. Grover (Bar No. 112701)
Cindy Nguyen (Bar No. 213524)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505
mgrover@hbblaw.com
cnguyen@hbblaw.com

Attorneys for Plaintiff
LAURIE M. LOVELESS

M. Kirby C. Wilcox (Bar No. 078576)
Jennifer A. Blackstone (Bar No. 226951)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, 24th Floor,
San Francisco, California 94105-3441
Telephone: 415.856.7000
Facsimile: 415.856.7100
kirbywilcox@paulhastings.com
jenniferblackstone@paulhastings.com

Attorneys for Defendants
GOLDMAN, SACHS & CO., CHRISTOPHER LALLI, and
CHRISTOPHER BURNS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE M. LOVELESS, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GOLDMAN SACHS & CO.,<br>CHRISTOPHER LALLI, and<br>CHRISTOPHER BURNS, and DOES 1<br>through 25, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 060-7961 SI<br><br>**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; AND**<br><br>**[PROPOSED] ORDER ON CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

Case No. CV 060-7961 SI

CONFIDENTIALITY AGREEMENT AND PROPOSED ORDER

1  Plaintiff Laurie M. Loveless ("Plaintiff") and defendants Goldman, Sachs & Co., Christopher Lalli and Christopher Burns ("Defendants") (collectively referred to in this agreement as the "Parties"), acting through their respective counsel of record, stipulate and agree to the following:

2. 1. The Parties and/or third-parties have produced, may or will produce, in connection with discovery proceedings in this action, information and/or documents consisting of or referencing confidential information, including but not necessarily limited to (1) Plaintiff's medical records and medical condition; (2) Goldman, Sachs & Co.'s ("Goldman") financial or other confidential, commercially sensitive, or proprietary information (3) employment records of Goldman's employees or former employees; (4) any other personnel information pertaining to third parties; and (5) any information which is not generally available to the public or which a Party has maintained in confidence or the disclosure of which the producing Party reasonably believes is likely to or would harm the business or competitive position or invade the privacy of either the producing Party or the person, firm, partnership, corporation, or other organization from which the information was obtained. This information and documents are called "CONFIDENTIAL INFORMATION" in this stipulation.

3. 2. The Party who wishes to so designate CONFIDENTIAL INFORMATION will do so by means of written notice given to the other Party as soon as is practicable in connection with its production, including but not limited to marking the document or documents "CONFIDENTIAL."

4. 3. To safeguard the confidentiality of CONFIDENTIAL INFORMATION, it will be maintained as set forth in this agreement.

5. 4. CONFIDENTIAL INFORMATION will be used by the receiving Party solely for the purposes of the prosecution and/or defense in this action.

6. 5. The Parties will not disclose CONFIDENTIAL INFORMATION in any manner to anyone other than the following, who will agree to maintain its confidentiality:

      (a)  the receiving Party and the receiving Party's outside or in-house counsel and the legal staff and employees of such counsel assisting counsel in the

Case No. CV 060-7961 SI

CONFIDENTIALITY AGREEMENT AND PROPOSED ORDER

|   |   |   |
|---|---|---|
| 1 |  | effort to prosecute, defend or settle this action; |
| 2 | (b) | experts or consultants assisting counsel in the effort to prosecute, defend or settle this action; |
| 4 | (c) | this Court and its personnel, including stenographic reporters regularly employed by the Court; |
| 6 | (d) | any neutral person who may be selected by the Parties to preside over their early settlement conference or private mediation; |
| 8 | (e) | stenographic and video-graphic reporters responsible for depositions taken in the case; |
| 10 | (f) | witnesses in preparation for deposition or trial proceedings; and |
| 11 | (g) | at pre-trial and trial proceedings without prior notice except the notice normally required for introduction of documents at pre-trial and trial proceedings. |

6. If a Party wishes to file under seal a document that has been designated "CONFIDENTIAL" by another Party pursuant to this Confidentiality Agreement, the submitting Party must file and serve a motion to file the documents under seal in accordance with Civil L.R. 79-5, absent the Parties' mutual agreement that it would be unnecessary to file under seal certain documents designated "CONFIDENTIAL."

7. In the event that a Party challenges the designation of information and/or documents as CONFIDENTIAL INFORMATION, that Party must do so in good faith and will so notify the other Party in writing. The burden will then fall on the Party making the designation to obtain an order from this Court upholding the designation. The designation made by the Party will be respected by the other Party, and the information and/or documents designated CONFIDENTIAL INFORMATION will not be used in a manner inconsistent with this agreement, until either (a) 15 days pass after that other Party gave notice of the challenge to the designation, and the Party making the designation fails to file a motion for an order by the Court upholding the designation; or (b) a motion timely made is denied by the Court.

8. Entering into, agreeing to and/or complying with the terms of this agreement will

Case No. CV 06-07961 SI -2- CONFIDENTIALITY AGREEMENT AND PROPOSED ORDER

1  not:

2       (a)    operate as an admission that any particular designated material constitutes,

3  contains or reflects trade secrets, proprietary or commercial information or

4  other confidential matter;

5       (b)    prejudice in any way the right of any Party to object to the production of

6  documents or information it considers not subject to discovery or to seek a

7  determination from the Court whether particular designated material should

8  be produced;

9       (c)    prejudice in any way the right of any Party to apply to the Court to rescind

10  or modify the terms of this Protective Order or to seek a further protective

11  order;

12       (d)    prejudice in any way the right of any Party to use, or object to the use of,

13  any CONFIDENTIAL INFORMATION at any hearing or trial proceeding;

14       (e)    affect the obligations of any Party or person to comply with the terms of

15  any compulsory process; or

16       (f)    be construed as a waiver by either Party of any discovery objection.

17      9.    This agreement will be effective from the date on which it is signed by counsel for

18  the Parties. Upon conclusion of this action, the Parties will continue to maintain documents

19  containing CONFIDENTIAL INFORMATION as confidential, and will be destroyed in

20  accordance with the regular business practices of Haight Brown & Bonesteel LLP and Paul,

21  Hastings, Janofsky & Walker LLP after a final judgment or dismissal is entered.

22      10.    The Parties and their counsel are responsible for employing reasonable measures

23  to control, consistent with this agreement, duplication of, access to, discussion of and distribution

24  of copies of CONFIDENTIAL INFORMATION, in accordance with the terms of this Protective

25  Order.

26      11.    This agreement may be signed in counterpart originals, with each having the same

27  effect as a single original.

28      If any provision in this document cannot be carried out because it is in conflict with the

Court's rules and procedures, or federal or California law, that provision of this agreement will be waived.

Dated: May _____, 2007  HAIGHT BROWN & BONESTEEL LLP

By: _____
   Margaret J. Grover
   Cindy Nguyen
   Attorneys for Plaintiff
   LAURIE M. LOVELESS

Dated: May 30, 2007  PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Jennifer A. Blackstone
   M. Kirby C. Wilcox
   Jennifer A. Blackstone
   Attorneys for Defendants
   GOLDMAN, SACHS & CO.,
   CHRISTOPHER LALLI, and
   CHRISTOPHER BURNS

1 Court's rules and procedures, or federal or California law, that provision of this agreement will be
2 waived.

3 Dated: May 28, 2007          HAIGHT BROWN & BONESTEEL LLP

5                               By: _____
6                                   Margaret J. Grover
                                    Cindy Nguyen
7                                   Attorneys for Plaintiff
                                    LAURIE M. LOVELESS
8
                                PAUL, HASTINGS, JANOFSKY & WALKER LLP
9 Dated: May ____, 2007

11                              By: _____
                                    M. Kirby C. Wilcox
                                    Jennifer A. Blackstone
12                                  Attorneys for Defendants
                                    GOLDMAN, SACHS & CO.,
13                                  CHRISTOPHER LALLI, and
14                                  CHRISTOPHER BURNS

**ORDER**

On the agreement of the parties, and good cause appearing therefor,

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May ___, 2007.

_____
Honorable Susan Illston
United States District Court Judge

Case No. CV 060-7961 SI

CONFIDENTIALITY AGREEMENT AND PROPOSED ORDER